FILED-ED
2004 NOV 22 PM 12:38
CLERK
U.S. DISTRICT COURT

DOCKETED
NOV 2 3 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**OSCAR O. HERNANDEZ,**

**Plaintiff,**

**vs.**

**VALET PARKING SERVICES, INC., And LOYOLA UNIVERSITY MEDICAL CENTER,**

**Defendants.**

04C 7559

**Civil Action No.**
**TRIAL BY JURY DEMANDED**

JUDGE DER-YEGHIAYAN

MAGISTRATE JUDGE GERALDINE SOAT BROWN

## COMPLAINT

Now comes Plaintiff, OSCAR O. HERNANDEZ, by and through his attorney, Kenneth A. Henry, and, for his complaint against Defendants, VALET PARKING SERVICES, INC. and LOYOLA UNIVERSITY MEDICA.L CENTER, alleges as follows:

## INTRODUCTION

1. This action is brought against VALET PARKING SERVICES, INC. and LOYOLA UNIVERSITY MEDICAL CENTER (hereinafter referred to as "VPS" and "Loyola", respectively), pursuant to Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. Section 12101, et seq. (the "ADA").

## PARTIES

2. a. Plaintiff, Oscar O. Hernandez ("Hernandez"), is, and at all times relevant hereto was, a citizen of the United States and a resident of Chicago, Illinois. At all times relevant hereto, Hernandez was a duly licensed driver by the State of Illinois, and possessed a driving record with no convictions.

b. Hernandez, at the times relevant hereto, has had only one functional arm, which constitutes a "disability" within the meaning of ADA Section 3(2), 42 U.S.C. Section 12102(2). Furthermore, at all times relevant hereto, Hernandez has been a "qualified individual with a disability" within the meaning of ADA Section 101(8), 42 U.S.C. Section 12111(8), in that

1-1

Hernandez has been an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the job of Hiker.

c. Hernandez has been an "employee" of VPS, as said term is defined in ADA Section 101(4), 42 U.S.C. Section 12111(4), since on or about December 3, 2001 through the present time at various facilities in the metropolitan Chicago area.

3. a. Defendant, VPS, at all times relevant hereto, has been an Illinois corporation authorized to do business in the state of Illinois, and maintains its registered office at 55 West Wacker Drive, 9th Floor, Chicago, Illinois 60601. VPS, at all times relevant hereto, was engaged in "an industry affecting commerce" and had, on information and belief, in excess of fifteen employees.

b. VPS, at all relevant times hereto, was a "person", an "employer" and a "covered entity" as said terms are defined in ADA Sections 101(7), (2) and (5)(A), 42 U.S.C. Section 12111(7), (2) and (5) (A).

4. a. Defendant, Loyola, at all times relevant hereto, has been an Illinois not-for-profit corporation authorized to do business in the state of Illinois, and maintains its registered office at 2160 S. First Avenue, Maywood, Illinois. Loyola, at all times relevant hereto, was engaged in "an industry affecting commerce" and had, on information and belief, in excess of fifteen employees.

b. Loyola, at all relevant times hereto, was a "person", an "employer" and a "covered entity" as said terms are defined in ADA Sections 101(7), (2) and (5)(A), 42 U.S.C. Section 12111(7), (2) and (5) (A).

c. Loyola, from on or about May 2, 2002 until on or about May 9, 2003, was a joint employer, with VPS, of Hernandez.

## JURISDICTION AND VENUE

5. Hernandez's cause of action arises under 42 U.S.C. Section 12101, et seq., the Americans with Disabilities Act of 1990. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331 and 1343, and 42 U.S.C. Sections 12117(a) and 2000e-(5), to redress Plaintiff for any and all damages suffered as a result of discrimination and retaliation on the basis of disability.

6. Venue is proper in this district and division pursuant to 28 U.S.C. Section 1391 (c) and 42 U.S.C. Sections 12117(a) and 2000e-5, in that this is the judicial district wherein a substantial part of the events or omissions giving rise to this claim occurred.

7. All conditions precedent to jurisdiction under 42 U.S.C. Sections 12117(a) and 2000e-5 have been satisfied, to wit:

a. On or about September 22, 2003 and November 3, 2003, Hernandez filed charges of discrimination with the Equal Employment Opportunity Commission within 180 days of the commission of the discriminatory employment practices. Said charges alleged that Hernandez had been discriminated against by VPS and Loyola because of his disability, and that VPS had retaliated against him for exercising his rights under the law. These charges were also filed with the Illinois Department of Human Rights. A copy of the charges are attached hereto and made a part hereof as Exhibits A, B and C.

b. " Dismissal and Notice of Rights" and a "Notice of Right to Sue" were received by Hernandez from the EEOC less than ninety (90) days prior to the filing of this Complaint. A copy of each " Dismissal and Notice of Rights" and of the "Notice of Right to Sue" are attached hereto and made a part hereof as, respectively, Exhibit D, Exhibit E, and Exhibit F.

**COUNT I**

**DISABILITY CLAIM**

8. On or about December 3, 2001, Hernandez began his employment with VPS as a Hiker. In that position, Hernandez parked and/or retrieved parked cars at the various locations where VPS was contracted to provide valet parking services.

9. On or about May 2, 2002, Hernandez was transferred by VPS to be a Hiker at Loyola. From that time until on or about May 9, 2003, Hernandez performed his duties and responsibilities in a manner that was satisfactory to VPS.

10. On or about May 9, 2003, VPS transferred Hernandez to another VPS worksite. On information and belief, VPS transferred Hernandez at the direction of Loyola, whose representative told VPS that Loyola did not want a one-armed Hiker parking cars at its facility. As a result, VPS transferred Hernandez to another facility.

11. At that time, Hernandez was not violating any of VPS's reasonable rules. Furthermore, Hernandez was able to perform all of the essential functions of his job.

12. The discriminatory conduct complained of above was intentional and was done with malice and/or with reckless indifference to the federally protected rights of Hernandez.

13. The discriminatory conduct has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for future pecuniary losses, mental anguish, loss of enjoyment of life and other non- pecuniary losses.

**PRAYER FOR RELIEF**

WHEREFORE, Oscar O. Hernandez prays for the entry of a judgment in his favor and against VPS and Loyola as follows:

A. That a permanent injunction be entered enjoining Defendants, VPS and Loyola, their owners, officers, management personnel, employees, agents, successors and assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of disability;

B. Ordering Defendants, VPS and Loyola, to institute and carry out policies, practices and programs which provide equal employment opportunities to qualified individuals with disabilities, and which eradicate the effects of past and present unlawful employment practices;

C. Ordering Defendants, VPS and Loyola, to make Oscar O. Hernandez whole by providing his with appropriate lost earnings and insurance premiums, with prejudgment interest, in an amount to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices including, but not limited to, reinstatement of Oscar O. Hernandez to the position of Hiker;

D. Ordering Defendants, VPS and Loyola, to make Oscar O. Hernandez whole by providing compensation for non-pecuniary losses including emotional pain, suffering, inconvenience and mental anguish in amounts to be proven at trial;

E. Ordering Defendants, VPS and Loyola, to pay to Oscar O. Hernandez punitive damages in the amount of Three-Hundred Thousand Dollars ($300,000);

F. Ordering Defendants, VPS and Loyola, to reimburse Oscar O. Hernandez for all attorneys' fees, costs and such other amounts as may be deemed appropriate; and

G. For such other and further relief as this Court deems just and proper.

**COUNT II**

**RETALIATION**

14. Hernandez reasserts and realleges herein as Paragraph 14 of Count II each and every allegation contained in Paragraphs 1 through 13 of Count II of this Complaint as though fully set forth herein.

15. On or about September 22, 2003, Hernandez filed the aforementioned charges with the EEOC.

16. Since shortly after September 22, 2003 and continuing to the present time, VPS has been retaliating against Hernandez for exercising his right sunder the ADA by, among other things, enforcing rules against Hernandez differently than the rules are enforce against other employees; transferring Hernandez to other facilities; and assigning Hernandez to perform work that does not include parking and/or retrieving cars, which deprives him of the additional tip income that Hikers generally receive.

17. The reasons given by VPS for these actions were and continue to be a pretext for the actual reason, retaliation for exercising his rights under the ADA, in violation of ADA Section 503, 42 U.S.C. Section 12203.

**PRAYER FOR RELIEF**

WHEREFORE, Oscar O. Hernandez prays for the entry of a judgment in his favor and against VPS as follows:

A. That a permanent injunction be entered enjoining Defendant, VPS, its owners, officers, management personnel, employees, agents, successors and assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of disability;

B. Ordering Defendant, VPS, to institute and carry out policies, practices and programs which provide equal employment opportunities to qualified individuals with

disabilities, and which eradicate the effects of past and present unlawful employment practices;

C. Ordering Defendant, VPS, to make Oscar O. Hernandez whole by providing his with appropriate lost earnings and insurance premiums, with prejudgment interest, in an amount to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices including, but not limited to, reinstatement of Oscar O. Hernandez to the position of Hiker;

D. Ordering Defendant, VPS, to make Oscar O. Hernandez whole by providing compensation for non pecuniary losses including emotional pain, suffering, inconvenience and mental anguish in amounts to be proven at trial;

E. Ordering Defendant, VPS, to pay to Oscar O. Hernandez punitive damages in the amount of Three-Hundred Thousand Dollars ($300,000);

F. Ordering Defendant, VPS, to reimburse Oscar O. Hernandez for all attorneys' fees, costs and such other amounts as may be deemed appropriate; and

G. For such other and further relief as this Court deems just and proper.

**JURY TRIAL DEMANDED**

Plaintiff, Oscar O. Hernandez, requests a trial by jury.

Respectfully Submitted,

**OSCAR O. HERNANDEZ, PLAINTIFF**

By: ______________________
Kenneth A. Henry, his attorney

Kenneth A. Henry, Esq.
120 West Madison Street, Suite 600
Chicago, Illinois 60602
(312) 857-0100
(312) 857-1157 (fax)
khenry@kahlaw.com
ARDC No. 01193457

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: ☐ FEPA ☒ EEOC

Agency(ies) Charge No(s): 210-2003-35493

Illinois Department Of Human Rights and EEOC

State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Mr. Oscar O. Hernandez | (773) 220-9665 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 5143 W. Barry, Chicago, IL 60641 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| VALET PARKING SERVICE INC | 15 - 100 | (312) 332-1134 |

| Street Address | City, State and ZIP Code |
|---|---|
| 70 W. Madison, #760, Chicago, IL 60602 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN ☐ RETALIATION ☐ AGE ☒ DISABILITY ☐ OTHER (*Specify below.*)

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| 05-09-2003 | 05-09-2003 |

☐ CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

**I began working for Respondent in or around May 1999 as a Hiker. On or about May 2, 2002 I transferred to one of Respondent's worksites. On or about May 9, 2003 Respondent transferred me to a different worksite because of my disability.**

**I believe I have been discriminated against on the basis of disability, in violation of the Americans with Disabilities Act of 1990.**

RECEIVED EEOC
SEP 22 2003
CHICAGO DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – *When necessary for State and Local Agency Requirements*

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

Sep 22, 2003 — Oscar O. Hernandez

Date — Charging Party Signature

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*)

Ex. A.

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: Agency(ies) Charge No(s):

☐ FEPA

☒ EEOC — 210-2003-35494

Illinois Department Of Human Rights and EEOC

State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
| --- | --- | --- |
| Mr. Oscar O. Hernandez | (773) 220-9665 | |

Street Address / City, State and ZIP Code: 5143 W. Barry, Chicago, IL 60641

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
| --- | --- | --- |
| LOYOLA UNIV MED CTR | 500 or More | (708) 216-3215 |

Street Address / City, State and ZIP Code: 2160 South First Avenue, Maywood, IL 60153

| Name | No. Employees, Members | Phone No. (Include Area Code) |
| --- | --- | --- |
| | | |

Street Address / City, State and ZIP Code:

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☒ DISABILITY ☐ OTHER (*Specify below.*)

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 05-09-2003 Latest: 05-09-2003

☐ CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

**On or about May 2, 2002 I was transferred to work as a Hiker through Valet Parking Services Inc. at Respondent's facility. On or about May 9, 2003 Respondent removed me from its facility because of my disability.**

**I believe I have been discriminated against on the basis of my disability, in violation of the Americans with Disabilities Act of 1990.**

RECEIVED EEOC
SEP 22 2003
CHICAGO DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – *When necessary for State and Local Agency Requirements*

I declare under penalty of perjury that the above is true and correct.

Sep 22, 2003 — Oscar O. Hernandez

*Date* — *Charging Party Signature*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*)

Ex. B

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: ☐ FEPA ☒ EEOC

Agency(ies) Charge No(s): 210-2004-00592

Illinois Department Of Human Rights and EEOC

*State or local Agency, if any*

| Name *(Indicate Mr., Ms., Mrs.)* | Home Phone No. *(Incl Area Code)* | Date of Birth |
|---|---|---|
| Mr. Oscar O. Hernandez | (773) 220-9665 | |

Street Address / City, State and ZIP Code: 5143 W. Barry, Chicago, IL 60641

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| VALET PARKING SERVICE INC. | Unknown | (312) 332-1134 |

Street Address / City, State and ZIP Code: 70 W. Madison, #760, Chicago, IL 60602

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

Street Address / City, State and ZIP Code:

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE — Earliest: 10-27-2003 — Latest: 10-27-2003

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began working for Respondent in or around May 1999 as a Hiker. On September 22, 2003 I filed EEOC Charge #210-2003-35493 against Respondent based on my disability. On October 27, 2003 I was sent home for not wearing black shoes, when, in fact, I was wearing black shoes. Co-workers have worn different colored shoes, pants and shirts and have not been disciplined.

I believe I was retaliated against in violation of The Americans With Disabilities Act of 1990.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – *When necessary for State and Local Agency Requirements*

I declare under penalty of perjury that the above is true and correct.

X

11/3/03 — Date

Oscar O. Hernandez — Charging Party Signature

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

Ex. C

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

November 3, 2003

OFFICIAL SEAL
KENNETH ALAN HENRY
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 06/13/04

Equal Employment Opportunity Commission

# DISMISSAL AND NOTICE OF RIGHTS

To: Oscar Hernandez
5143 W. Barry
Chicago, IL 60641

From: Equal Employment Opportunity Commission
Chicago District Office
500 West Madison Street, Suite 2800
Chicago, IL 60661-2511

CERT. MAIL NO.: 7099 3400 0006 7302 5201

[ ] *On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 210-2003-35494 | Regina Husar, Enforcement Supervisor | (312) 353-0819 |

*(See the additional information attached to this form.)*

YOUR CHARGE IS DISMISSED FOR THE FOLLOWING REASON:

[ ] The facts you allege fail to state a claim under any of the statutes enforced by the Commission

[ ] Respondent employs less than the required number of employees.

[ ] Your charge was not timely filed with the Commission, *i.e.*, you waited too long after the date(s) of the discrimination you alleged to file your charge. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[ ] You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conferences, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your charge. You have had more than 30 days in which to respond to our final written request.

[ ] The Commission has made reasonable efforts to locate you and has been unable to do so. You have had at least 30 days in which to respond to a notice sent to your last known address.

[ ] The respondent has made a reasonable settlement offer which affords full relief for the harm you alleged. At least 30 days have expired since you received actual notice of this settlement offer.

[ X ] The Commission issues the following determination: Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] Other (*briefly state*) ______________________________

- NOTICE OF SUIT RIGHTS -

[ X ] Title VII and/or the Americans with Disabilities Act: This is your NOTICE OF RIGHT TO SUE, which terminates the Commission's processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in a court of competent jurisdiction. If you decide to sue, you must sue WITHIN 90 DAYS from your receipt of this Notice; otherwise your right to sue is lost.

[ ] Age discrimination in Employment Act: This is your NOTICE OF DISMISSAL OR TERMINATION, which terminates processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in a court of competent jurisdiction. If you decide to sue, you must sue WITHIN 90 DAYS from your receipt of this Notice; otherwise your right to sue is lost.

[ ] Equal Pay Act (EPA): EPA suits must be brought within 2 years (3 years for willful violations) of the alleged EPA underpayment.

May 5, 2004

On behalf of the Commission

John P. Rowe

John P. Rowe, District Director

Enclosures
Information Sheet
Copy of Charge

cc: Respondent(s) Loyola University Medical Center

EEOC Form 161 (Test 5/95)

Ex. D

Equal Employment Opportunity Commission

# DISMISSAL AND NOTICE OF RIGHTS

To: Oscar Hernandez
5143 W. Barry
Chicago, IL 60641

From: Equal Employment Opportunity Commission
Chicago District Office
500 West Madison Sreet, Suite 2800
Chicago, IL 60661-2511

CERT. MAIL NO.: 7099 3400 0006 7302 5201

[ ] *On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 210-2004-00592 | Regina Husar, Enforcement Supervisor | (312) 353-0819 |

*(See the additional information attached to this form.)*

YOUR CHARGE IS DISMISSED FOR THE FOLLOWING REASON:

[ ] The facts you allege fail to state a claim under any of the statutes enforced by the Commission

[ ] Respondent employs less than the required number of employees.

[ ] Your charge was not timely filed with the Commission, *i.e.*, you waited too long after the date(s) of the discrimination you alleged to file your charge. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[ ] You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conferences, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your charge. You have had more than 30 days in which to respond to our final written request.

[ ] The Commission has made reasonable efforts to locate you and has been unable to do so. You have had at least 30 days in which to respond to a notice sent to your last known address.

[ ] The respondent has made a reasonable settlement offer which affords full relief for the harm you alleged. At least 30 days have expired since you received actual notice of this settlement offer.

[ X ] The Commission issues the following determination: Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] Other (*briefly state*) ______

## - NOTICE OF SUIT RIGHTS -

[ X ] Title VII and/or the Americans with Disabilities Act: This is your NOTICE OF RIGHT TO SUE, which terminates the Commission's processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in a court of competent jurisdiction. **If you decide to sue, you must sue WITHIN 90 DAYS from your receipt of this Notice; otherwise your right to sue is lost.**

[ ] Age discrimination in Employment Act: This is your NOTICE OF DISMISSAL OR TERMINATION, which terminates processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in a court of competent jurisdiction. **If you decide to sue, you must sue WITHIN 90 DAYS from your receipt of this Notice; otherwise your right to sue is lost.**

[ ] **Equal Pay Act (EPA):** EPA suits must be brought within 2 years (3 years for willful violations) of the alleged EPA underpayment.

May 5, 2004

On behalf of the Commission
John P. Rowe
John P. Rowe, District Director

Enclosures
Information Sheet
Copy of Charge

cc: Respondent(s) Valet Parking Service, Inc.

EEOC Form 161 (Test 5/95)

Ex. E

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE -- TITLE VII / ADA/ADEA

(Conciliation Failure)

**To:** Oscar Hernandez
5143 W. Barry
Chicago, IL 60641

Certified: 7001 0360 0000 7304 5049 CP Atty

☐ *On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 C.F.R. 1601.7(a))*

**From:**
Equal Employment Opportunity Commission
Chicago District Office
500 West Madison Street, Suit 2800
Chicago, IL 60661-2511

| *Charge Number* | *EEOC Representative* | *Telephone Number* |
|---|---|---|
| 210-2003-35493 | Regina Husar, Enforcement Supervisor | (312) 353-0819 |

( See the additional information attached to this form )

The Commission has found reasonable cause to believe that your charge of employment discrimination is true but has not entered into a conciliation agreement to which you are a party because attempts to achieve such a voluntary settlement with respondent(s) have been unsuccessful.

The Commission has determined that it will not bring a civil action against the respondent(s) and accordingly is issuing this Notice of Right to Sue. With the issuance of this Notice the Commission terminates its process with respect to your charge, except that the Commission may seek status as intervenor if you decide to sue on your own behalf as described below.

If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in a court of competent jurisdiction. IF YOU DECIDE TO SUE, YOU MUST DO SO WITHIN NINETY (90) DAYS FROM YOUR RECEIPT OF THIS NOTICE OF RIGHT TO SUE: OTHERWISE YOUR RIGHT TO SUE IS LOST.

Your suit may include any allegation contained in your charge of employment discrimination or any matter which was or should have been discovered by the Commission during its investigation of your charge.

On Behalf of the Commission

September 17, 2004

John P. Rowe
John P. Rowe, District Director

Enclosures
Information sheet
Copy of Charge

cc: Respondent(s) Valet Parking Services, Inc.

EEOC Form 161-A (Test 10/94)

Ex. F



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

DOCKETED
NOV 23 2004

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

---

**Plaintiff(s): OSCAR O. HERNANDEZ**

County of Residence: Cook

Plaintiff's Atty: Kenneth A. Henry, Esq.
120 West Madison St., Ste. 600
Chicago, IL 60602
312-857-0100

**Defendant(s): VALET PARKING SERVICE, INC. & LOYOLA UNIVERSITY MEDICAL CENTER**

County of Residence:

Defendant's Atty:

---

II. Basis of Jurisdiction: **3. Federal Question (U.S. not a party)**

04C 7559

JUDGE DER-YEGHIAYAN

III. Citizenship of Principal Parties **(Diversity Cases Only)**
Plaintiff:- **N/A**
Defendant:- **N/A**

IV. Origin : **1. Original Proceeding**

MAGISTRATE JUDGE GERALDINE SOAT BROWN

V. Nature of Suit: **442 Employment**

VI. Cause of Action: **This is a cause of action seeking redress for discrimination in violation of Title I of the American with Disabilities Act of 1990, 42. U.S.C. Section 12101, et seq. (the "ADA").**

VII. Requested in Complaint
Class Action: **No**
Dollar Demand: **$300,000 + fees & costs**
Jury Demand: **Yes**

FILED-EDA
2004 NOV 22 PM 12:37
CLERK
U.S. DISTRICT COURT

VIII. This case IS NOT a refiling of a previously dismissed case.

**Signature:** [signature]

**Date:** 22 November 2004

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.** Revised: 06/28/00

1-2

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

DOCKETED
NOV 2 3 2004

In the Matter of

OSCAR O. HERNANDEZ
v
VALET PARKING SERVICE, INC. & LOYOLA UNIVERSITY MEDICAL CENTER.

Case Number: 04C 7559

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

PLAINTIFF, OSCAR O. HERNANDEZ

JUDGE DER-YEGHIAYAN

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

| (A) | | (B) | |
|---|---|---|---|
| SIGNATURE [signature] | | SIGNATURE | |
| NAME KENNETH A. HENRY, ESQ. | | NAME | |
| FIRM KENNETH A. HENRY, ATTORNEY AT LAW | | FIRM | |
| STREET ADDRESS 120 West Madison Street, Suite 600 | | STREET ADDRESS | |
| CITY/STATE/ZIP CHICAGO, IL 60602 | | CITY/STATE/ZIP | |
| TELEPHONE NUMBER 312-857-0100 | FAX NUMBER 312-857-1157 | TELEPHONE NUMBER | FAX NUMBER |
| E-MAIL ADDRESS khenry@kahlaw.com | | E-MAIL ADDRESS | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) ARDC # 01193457 | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | |
| MEMBER OF TRIAL BAR? | YES ☑ NO ☐ | MEMBER OF TRIAL BAR? | YES ☐ NO ☐ |
| TRIAL ATTORNEY? | YES ☑ NO ☐ | TRIAL ATTORNEY? | YES ☐ NO ☐ |
| | | DESIGNATED AS LOCAL COUNSEL? | YES ☐ NO ☐ |

| (C) | | (D) | |
|---|---|---|---|
| SIGNATURE | | SIGNATURE | |
| NAME | | NAME | |
| FIRM | | FIRM | |
| STREET ADDRESS | | STREET ADDRESS | |
| CITY/STATE/ZIP | | CITY/STATE/ZIP | |
| TELEPHONE NUMBER | FAX NUMBER | TELEPHONE NUMBER | FAX NUMBER |
| E-MAIL ADDRESS | | E-MAIL ADDRESS | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | |
| MEMBER OF TRIAL BAR? | YES ☐ NO ☐ | MEMBER OF TRIAL BAR? | YES ☐ NO ☐ |
| TRIAL ATTORNEY? | YES ☐ NO ☐ | TRIAL ATTORNEY? | YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? | YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? | YES ☐ NO ☐ |

FILED-ED7
2004 NOV 22 PM 12:38
CLERK
U.S. DISTRICT COURT

1-3